UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UNITED STATES OF AMERICA

                                                    **REQUEST FOR VIRTUAL PLEA**

            v.

JUSTIN CARDOVA,

                                                    20 CR 131

                    Defendant.
-----------------------------------------------------------------x

Via Email To: Walter_Clark@nysd.uscourts.gov

Courtroom Deputy to the Honorable Cathy Seibel, U.S.D.J.

Mr. Clark:

        As the Court is aware, my office represents Mr. Cardova in the above referenced matter. The Government and defense have reached a plea agreement.  Upon our conversation with Your Honor's Courtroom Deputy, Mr. Clark, the parties were given a plea date and time of Friday, December 11th at 11:00am.  While the parties are prepared to move forward with said plea, we understand the Court is not holding in person appearances at this time, due to Covid 19 restrictions.  In light of this change, the Defense is hereby respectfully requesting Mr. Cardova be allowed to plea virtually on said date.

        We understand that pursuant to Section 15002(b)(2) of the CARES Act, this Court is authorized to conduct a virtual plea, upon a specific finding that said plea "cannot be conducted in person without seriously jeopardizing public health and safety, "and a specific finding that the plea or sentence cannot be further delayed without serious harm to the interests of justice."  The Defense has discussed this matter with the Government.  The Government takes no position as to whether or not said aforementioned requirements are met.

        Given the nature of the pandemic, in person proceedings pose inherent health risks.  Our client has already been exposed to individuals who have either tested positive for Covid 19 or have been exposed directly, one of which is currently in quarantine at his employment location. It would also be in the interest of justice for said request to be granted.  Mr. Cardova has acquired excellent employment as an Auto Technician for BMW.  He is scheduled to commence additional training starting January of this upcoming year.  This training is mandatory and will continue for a period of two (2) years.  As a relatively new employee, Mr. Cardova's employment may be forfeit or significantly jeopardized if he requires additional time off once training has commenced.

As the Court is aware, Defense's motion is due this Friday, December 11th.  In the event this Court grants this request for a virtual plea on said date, the motion will be a moot issue. However, if this Court is not inclined to grant this request at this time, the Defense respectfully requests the motion deadline for Defense counsel be set to a date on or beyond the new adjourn date for purposes of a plea.

I thank Your Honor for her consideration.

Respectfully,

Jaime Santana Jr. Esq.
Attorney for Justin Cardova

Dated:   December 7, 2020

SO ORDERED

_____
Hon. Cathy Seibel, U.S.D.J.

Cc:    A.U.S.A James Ligtenberg

We are doing in-person proceedings where unavoidable, but in this case the plea can be done virtually, with Defendant's consent.  It sounds like Mr. Cordova may have been exposed and his presence could endanger others in the courthouse.  Putting off the plea would cause substantial harm to the interests of justice because it would require the parties and the Court to deal with motions and trial preparation that would not be necessary, and because the limited trial space available should be freed up for other cases.  Mr. Santana should make sure Mr. Cordova understands his rights to an in-person proceeding, and if he wishes to consent to a remote proceeding, both Mr. Santana and Mr. Cordova should complete the CARES Act consent form (which Mr. Santana should be able to obtain from the Government or from Federal Defenders) and submit it to chambers in advance of the plea.

SO ORDERED.

CATHY SEIBEL, U.S.D.J.                    12/7/20